IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL SCOTT CAPPILLO,

    Plaintiff,

v.                                    Civil Action No. 5:15CV28
                                                 (STAMP)
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE,
GRANTING SUMMARY JUDGMENT FOR THE DEFENDANT,
DENYING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,
AND OVERRULING THE OBJECTIONS BY THE PLAINTIFF**

I. Procedural History

In this civil action, the plaintiff argues that the Social Security Administration ("SSA") incorrectly denied his claim for disability benefits, which he initially filed in 2011. ECF No. 1. The plaintiff asserts that he suffers from several mental impairments, which relate to various mood disorders. The plaintiff began treatment for those mood disorders in 2012. In addition to his mental impairments, the plaintiff believes that he suffers from physical impairments that limit his ability to work. Those physical impairments include mild degenerative changes in his lower back. At the plaintiff's initial hearing, he indicated that his mental impairments affect him the most. He pointed to his anger management concerns and his general ability to interact with people. Ultimately, the Administrative Law Judge ("ALJ") used the

five-step sequential process under 20 C.F.R. § 416.20 to conclude that the plaintiff was not disabled for purposes of his claim. In particular, the ALJ found that after considering the plaintiff's age, residual functional capacity ("RFC"), and experience, many occupations exist that the plaintiff could pursue. The Appeals Council denied the plaintiff's appeal of the ALJ's decision.

The parties then filed their respective motions for summary judgment.[1] ECF Nos. 9 and 11. In the plaintiff's motion, he argues the following: (1) that the ALJ did not properly consider his treating sources' opinions of his impairments; (2) that the ALJ failed to properly review the applicable listing of impairments as applied to the plaintiff; and (3) that the ALJ failed to properly apply the plaintiff's limitations to the RFC determination. In the defendant's motion, she argues that the ALJ properly considered all testimony and evidence as applied to the five-step sequential process.

United States Magistrate Judge James E. Seibert filed a report and recommendation, wherein he recommends that the defendant's motion for summary judgment should be granted and the plaintiff's motion should be denied. ECF No. 14. The magistrate judge first found that the ALJ properly considered the testimony of the plaintiff's treating sources. Next, the magistrate judge found

---

[1]It should be noted that the plaintiff filed a response to the SSA's motion. ECF No. 13.

that the ALJ discussed and explained how the plaintiff's impairments failed to satisfy the relevant Listing of Impairments. Finally, the magistrate judge determined that the ALJ's credibility determination was not patently wrong, and thus the ALJ's findings were supported by substantial evidence.

The plaintiff timely filed objections, wherein he essentially reasserts his former arguments. ECF No. 15. For the reasons set forth below, the report and recommendation of the magistrate judge is AFFIRMED AND ADOPTED in its entirety. Accordingly, the defendant's motion for summary judgment is GRANTED, the plaintiff's motion for summary judgment is DENIED, and the plaintiff's objections are OVERRULED.

## II. Background

The plaintiff claims that he applied for disability benefits based on disabilities he had since 2005. He was last employed in 2007. He claims that he suffers from both mental impairments and physical impairments. Regarding his mental impairments, the plaintiff was diagnosed in 2011 with the following mood disorders: bipolar disorders, narcissistic personality disorder, and intermittent explosive disorder, among others. As to his physical impairments, the plaintiff has the following severe impairments: arthritis, degenerative disc disease of the lumbar spine, disc herniation, and carpel tunnel syndrome, among others. Based on his

physical and mental impairments, the plaintiff sought disability benefits.

Following a hearing on the plaintiff's claim, the ALJ concluded that the plaintiff was not disabled. In his findings, the ALJ outlined the five-step sequential evaluation, and took issue with the third and fifth step. Regarding step three, the ALJ examined both the physical and mental impairments of the plaintiff. The ALJ first found that the plaintiff's physical impairments, combined with a finding of obesity, did not satisfy the Listing of Impairments. This was a result of the plaintiff's overall mobility and capabilities. The ALJ then examined the plaintiff's mental impairments, which the plaintiff asserted as his main disabling condition. The ALJ analyzed whether the plaintiff's mental impairments (1) markedly restricted daily living activities, (2) markedly affected social functioning, and (3) applied to the additional appropriate criteria. However, the ALJ found that the plaintiff's mental impairments provided only mild limitations regarding his daily living activities, social functioning, and other additional criteria. The ALJ relied on the evidence as to those mental impairments, which provided that the plaintiff received no treatment for such impairments until 2012. Moreover, the ALJ found that the RFC accommodated the mental conditions that the plaintiff allegedly possessed. Viewed collectively, the ALJ

4

ultimately found that the plaintiff did not satisfy the third-step of the evaluation process.

The ALJ concluded the same regarding the fifth and final step. At the hearing, an impartial vocational expert stated that other jobs existed which the plaintiff could perform. Those jobs included an office helper, mail clerk, or sewing machine operator. Further, the vocational expert pointed out that 30 such jobs existed in the local economy, and that approximately 60,500 such jobs existed in the national economy. R. 71. Based on the testimony of the vocational expert, the ALJ found that relevant jobs existed which the plaintiff could perform. Thus, the ALJ concluded that the plaintiff was not disabled.

### III. Applicable Law

A. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are clearly erroneous. Because the plaintiff filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

B.  <u>Substantial Evidence Standard</u>

Regarding findings by the ALJ in civil actions such as this, however, the United States Court of Appeals for the Fourth Circuit has stated that "[u]nder the Social Security Act, [a reviewing court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." <u>Craig v. Chater</u>, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Id.</u> A reviewing court "does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision." <u>Thompson v. Astrue</u>, 442 F. App'x 804, 805 (4th Cir. 2011) (quoting <u>Johnson v. Barnhart</u>, 434 F.3d 650, 653 (4th Cir. 2005)).

In order to determine if a claimant is "disabled" under the Social Security Act, the ALJ uses a five-step sequential evaluation. Under this five-step process, the ALJ determines whether: (1) the claimant engages in "substantial gainful activity;" (2) the claimant maintains a "severe medically determinable physical or mental impairment;" (3) the impairment satisfies one of the listings contained in the regulations; (4) when considering the claimant's "residual functional capacity"

("RFC"), the claimant is able to engage in his or her "past relevant work;" and (5) the claimant "can make an adjustment to other work." 20 C.F.R. §§ 404.1520(a), 416.920(a); see also Molina v. Astrue, 674 F.3d 1104 (9th Cir. 2012).

IV. Discussion

As stated earlier, the plaintiff argues the following in both his motion for summary judgment and in his objections: (1) that the ALJ did not properly consider his treating sources' opinions about his impairments; (2) that the ALJ failed to properly review the applicable List of Impairments as applied to the plaintiff; and (3) that the ALJ failed to properly apply the plaintiff's limitations to the RFC. Those contentions are discussed below in the order presented.

A. Consideration of Treat Sources' Opinions

The plaintiff believes that the ALJ failed to appropriately weigh the opinions of the plaintiff's treating sources. In evaluating and weighing the medical opinions for a disability claim, which an ALJ must always do, an ALJ considers the following factors: (1) whether the treating source examined the claimant; (2) the treatment relationship between the treating source and the claimant; (3) the amount of support that the treating source presents for his or her opinion; (4) the consistency of such opinion; and (5) whether the treating source is a specialist about the medical issues. 20 C.F.R. § 404.1527(c) (2012). The United

7

States Court of Appeals for the Fourth Circuit has found that "although the treating physician rule generally requires a court to accord greater weight to the testimony of a treating physician, the rule does not require that the testimony be given controlling weight." Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) (per curiam) (citing Campbell v. Bowen, 800 F.2d 1247, 1250 (4th Cir. 1986)). Moreover, the ALJ "may choose to give less weight to the testimony of a treating physician if there is persuasive contrary evidence[.]" Sullivan, 993 F.2d at 35 (citing Foster v. Heckler, 780 F.2d 1125, 1127 (4th Cir. 1986)).

The case law above permits an ALJ to give a treating source's testimony less weight when "persuasive contrary evidence" exists. In this case, the record demonstrates that such contrary evidence exists. The plaintiff's psychiatrist, who had treated the plaintiff for only a short period of time, testified that the plaintiff maintained a Global Assessment of Functioning ("GAF") score of 60. The ALJ, however, took issue with her testimony because the psychiatrist's opinion was based on subjective rather than objective determinations. The ALJ then pointed to the statements by an examining psychologist and a state agency medical consultant. The examining psychologist reported that the plaintiff exaggerated his medical conditions. More telling, however, was the report of the state agency medical consultant, which stated that "[the plaintiff] reports many limitations not supported by

8

objective evidence from examining or treating source." R. 902. Further, the record shows that several treating doctors observed that the plaintiff maintained normal function, attention, communication and orientation. See, e.g., R. 953, 959, 1036, 1038. The plaintiff objects to that finding, arguing that the ALJ did not sufficiently explain why the plaintiff's treating sources received lesser weight. The plaintiff is correct in pointing out that the ALJ did not formalistically recite every factor or reason as to why his treating sources' testimony received less weight. However, the opinions and evidence discussed above, and many other instances throughout the record, show that persuasive contrary evidence existed and was considered by the ALJ. Moreover, the ALJ discussed his consideration of such evidence, and "was within his discretion" to give lesser weight to the plaintiff's treating sources. Sullivan, 993 F.2d at 35. Thus, substantial evidence supported the decision of the ALJ to do so.

B. Review of Impairment Listings

The plaintiff next argues that the ALJ failed to adequately discuss the evidence relied on when concluding that the plaintiff's mental and physical impairments failed to satisfy the List of Impairments. The plaintiff also reasserted this argument in his objections. The plaintiff primarily objects because the ALJ allegedly failed to consider and discuss the specific List of

Impairments criteria, and failed to cite to any medical evidence as to why the plaintiff's impairments did not satisfy such list.

Generally speaking, an ALJ "is not required 'to use particular language or adhere to a particular format in conducting his analysis,' but the decision must demonstrate 'that there is sufficient development of the record and explanation of findings to permit meaningful review.'" Moore v. Astrue, 2010 WL 3394657, at *6 n.12 (July 27, 2010 E.D. Va.) (quoting Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004)). More importantly, "a court need not remand a Social Security disability determination when . . . there is elsewhere in the ALJ's opinion an equivalent discussion of the medical evidence relevant to Step Three analysis." Schoofield v. Barnhart, 220 F. Supp. 2d 512, 522 (D. Md. 2002); see McCartney v. Apfel, 28 F. App'x 277, 279 (4th Cir. 2002) (per curiam) ("[T]he ALJ need only review medical evidence once in his decision."). Nonetheless, an ALJ should identify the relevant listed impairments, and then compare the criteria to the evidence of a claimant's symptoms. Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986).

On the one hand, the law above supports the plaintiff's position that the ALJ must identify the relevant listed impairments and apply the evidence of the plaintiff's symptoms to such impairment criteria, as required under Cook. On the other hand, however, the plaintiff's assertion that the ALJ in this case failed

10

to do so, or that the ALJ "did not cite to a single piece of medical evidence" when considering the List of Impairments is incorrect. The case law cited above does not require an ALJ to discuss relevant medical evidence for the step three analysis solely under that section of the ALJ's opinion. Rather, "the ALJ must provide "elsewhere [in his or her] opinion an equivalent discussion of the medical evidence relevant to Step Three analysis." <u>Schoofield</u>, 220 F. Supp. 2d at 522; <u>McCartney</u>, 28 F. App'x at 279. Indeed, it is true that discussing the medical evidence under the third step in the ALJ's opinion would have been preferable and clearer. However, "the ALJ's explanation within the RFC assessment is sufficient to satisfy the ALJ's duty to explain his decision." <u>Moore</u>, 2010 WL 3394657, at *6 n.12 (internal citation omitted). Here, the ALJ discussed the relevant listed impairments and the criteria under the List of Impairments. <u>See</u> R. 23-24. Regarding the mental impairments, which were what the plaintiff claimed were his primary disabilities, the ALJ stated that "[t]he claimant's mental impairments <u>are discussed in more detail below.</u>" R. 24 (emphasis added). Following that statement, the ALJ then discussed those impairments and the evidence related to them, including medical opinions, medical exhibits, and relevant reports in the following section. R. 24-29. Based on the medical evidence discussed in his findings, the ALJ both concluded the plaintiff's alleged impairments were inapplicable to the List of

11

Impairments and determined the appropriate RFC of the plaintiff. Phrased another way, the ALJ "connect[ed] the evidence to the conclusion through an 'accurate and logical bridge.'" Stewart v. Astrue, 561 F.3d 679, 684 (7th Cir. 2009) (internal citations omitted). In light of the record before this Court, it is clear that substantial evidence exists to support the ALJ's conclusions on the issue.

C. <u>Limitations Compared to the RFC</u>

The final contention raised by the plaintiff, both in his motion and objections, is that the ALJ failed to account for all of the plaintiff's limitations in his RFC finding. In particular, the plaintiff claims that the ALJ first admitted that the plaintiff's intermittent explosive disorder was a severe impairment. Despite that determination, the plaintiff contends that the ALJ included no limitations from this impairment in his RFC finding.

As the magistrate judge correctly points out, an ALJ's credibility determination will be reversed only if the claimant shows that such determination was patently wrong. Kelley v. Sullivan, 890 F.2d 961, 965 (7th Cir. 1989). Here, the ALJ explained why he did not provide a limitation for the plaintiff's alleged rage and anger outbursts associated with his intermittent explosive disorder. As to that disorder, the ALJ noted that the record showed no aggressive behavior or issues with legal authorities. The ALJ acknowledged that the plaintiff's alleged

12

impairments could cause some of the symptoms that the plaintiff described, but that those symptoms were "not to the frequency or debilitating degree of severity alleged[.]"  Further, the ALJ pointed to opinions and reports in the record that questioned the credibility of the plaintiff.  For example, the ALJ cited the statement of an examining psychologist that found that the plaintiff "tended to exaggerate his problems and symptoms."  That statement, along with other such evidence in the record, demonstrates why the ALJ both questioned the credibility of the plaintiff and declined to include the limitation that the plaintiff believes should have been included.  The plaintiff has not demonstrated that the ALJ's credibility determination of the plaintiff was patently wrong.  More importantly, substantial evidence exists so as to justify the ALJ's findings as to the RFC and associated limitations.

## IV. Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge (ECF No. 14) is AFFIRMED AND ADOPTED IN ITS ENTIRETY, and the plaintiff's objections (ECF No. 15) are OVERRULED.  Accordingly, the defendant's motion for summary judgment (ECF No. 11) is GRANTED, and the plaintiff's motion for summary judgment (ECF No. 9) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

DATED: October 28, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE